# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | |
|---|---|
| LAMCO STRUCTURED FINANCE, LLC, LAMCO RECEIVABLES FUND, LLC, LAMCO ALTERNATIVES ADVISORS, LLC and MORPHEUS ABSOLUTE ALPHA SELECT OPPORTUNITIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARS FINANCING, LLC, FRANK BERNARD TURNER, IKENNA (KEN) ASEME. DR. CARROLL COOPER, and MEDICAL ACCOUNTS RECEIVABLE SOLUTIONS, INC., <br><br> Defendants. | Case No. 1:25-cv-12088 |

## PLAINTIFFS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, ASSET FREEZE, AND OTHER ANCILLARY RELIEF

Plaintiffs LAMCO Structured Finance, LLC ("LSF"), LAMCO Receivables Fund, LLC ("LRF"), LAMCO Alternatives Advisors, LLC ("LAA"), and Morpheus Absolute Alpha Select Opportunities, LLC ("MAASO") hereby file this Emergency Motion for a Temporary Restraining Order, Asset Freeze, and Other Ancillary Relief ("Emergency Motion") against Defendant Mars Financing, LLC ("MARS").  Pursuant to Federal Rule of Civil Procedure Rule 65(b), Plaintiffs seek emergency relief in the form of a temporary restraining order ("TRO"), a preliminary injunction, an order freezing MARS's assets, and an order imposing other ancillary relief against MARS.  The relief sought is necessary to halt: (1) MARS's breach of legally enforceable contracts; (2) MARS's misappropriation of assets over which Plaintiffs have secured legal interests; (3) MARS's dissipation of assets to which LSF has a legally enforceable security interest; and (4) to preserve the *status quo* pending the outcome of a preliminary injunction hearing.

In support of the emergency relief requested, Plaintiffs submit: (i) a contemporaneously filed legal memorandum and complaint; and (ii) a supporting declaration of Michael E. Griffin, exhibits to Mr. Griffin's declaration, and other filings.

**MARS has Breached its Contractual Agreements to LSF in the MARS Notes**

1. In November and December 2021, Plaintiff LSF entered into legally enforceable contractual agreements with Defendant MARS ("MARS Notes"). Under the terms of two notes LSF agreed to loan approximately $6.9 million to MARS for investment in medical receivables incurred by patients who are plaintiffs in personal injury litigation suits ("Medical Receivables") and other private investment opportunities offered to them by the Defendants.

2. As consideration, MARS agreed to, among other things, acquire Medical Receivables, service the receivables, and repay the principal on the underlying loan amounts for the MARS Notes.

3. Since at least June 16, 2025, MARS has been in breach of the MARS Notes. MARS has breached the MARS Notes in multiple respects, including failure to: (a) make timely payments under the MARS Notes; (b) provide documents in response to LSF's requests; (c) identify, service, and monitor receivables; (d) secure LSF's interest in such receivables; and (e) provide timely or accurate financial information. It appears that MARS's improper and inaccurate financial reporting concealed its insolvency since October 2022.

4. LSF has made repeated and reasonable requests to MARS for the information required to be provided, notified MARS of the events of default, and demanded repayment of the approximately $3.9 million due on the MARS Notes. As recently as September 19, 2025, LSF asked MARS to provide the requested information and repayment by September 25, 2025. MARS has not responded.

**MARS Misappropriated Assets Over Which LRF, LAA, and MAASO Have Secured Interests**

5. Between May 6, 2022, and March 16, 2024, the LRF, LAA and MAASO (the "Vrde Lenders") entered into separate contractual agreements with Vrde Solutions under which each of the Vrde Lenders agreed to loan Vrde Solutions funds for investment in Medical Receivables. As consideration, Vrde

Solutions agreed to, among other things, acquire Medical Receivables, service the receivables, and repay the principal on the underlying loan amount.

6. On July 26, 2025, MARS admitted, through individual defendant John Aseme, that it misappropriated receivables proceeds totaling approximately $72,000 from five specific receivables that over which the Vrde Lenders held security interests (the "Known Misappropriated Receivables"). Upon information and belief, MARS and the Individual Defendants directed the medical providers, with whom they have individual and business relationships, to pay MARS rather than to the Vrde Lenders. Further, upon information and belief, MARS and the Individual Defendants have misappropriated additional proceeds from the Vrde Lenders (together with the Known Misappropriated Receivables, the "Misappropriated Receivables").

7. MARS knew that no Vrde Lender had agreed to relinquish their respective security interests in the Misappropriated Receivables, and neither MARS nor any other defendant requested that the Vrde Lenders relinquish any security interest.

8. On August 6, 2025, the Vrde Lenders informed MARS and Vrde Solutions that the Vrde Lenders' security interests continued to attach to the proceeds MARS misappropriated. MARS has refused the Vrde Lenders' demands to return the Misappropriated Receivables.

**Emergency Equitable Relief is Necessary**

9. The equitable power of this court is necessary to stop MARS's ongoing and future misappropriation that will irreparably harm the Plaintiffs. Therefore, the Plaintiffs seek the emergency relief as follows:

a) ***A TRO against Defendant MARS*** that: (i) prohibits MARS from further misappropriating any proceeds from receivables procured with funds obtained from Plaintiffs; (ii) orders MARS to return proceeds from all Misappropriated Receivables to Plaintiffs within seven (7) days; and (iii) orders MARS to provide an accounting detailing all Misappropriated Receivables including identity of medical patient, date

    acquired, cost of the receivable, proceeds from receivable and amount paid to MARS for each receivable; and (iv) requires identification of any MARS asset over $1,000, within seven (7) days.

b) ***An Asset Freeze Order* freezing Defendant MARS** assets that, among other things: (i) freezes MARS's funds and assets, including but not limited to identified bank accounts at AXOS Bank and Regions Bank, NA; (ii) prohibits MARS from disposing of or withdrawing any funds, assets or other property or transferring or incumbering assets subject to the order; (iii) prohibits MARS from opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities without notice to Plaintiffs; and (iv) requires MARS to identify all bank accounts, brokerage accounts, retirement accounts, trust accounts, and/or other financial accounts, in which MARS has an ownership or beneficial interest within 24 hours of the entry of the proposed order.

c) ***A Document Preservation Order* requiring Defendant MARS** to preserve documents, that: (i) restrains MARS and its agents from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to MARS or the misconduct described in the Complaint ("Evidence"); and (ii) prohibits MARS from destroying or attempting to destroy any Evidence; and

d) ***A Production of Books and Records Order* requiring Defendant MARS** to make available all books and records electronically, including, but not limited to, bank and brokerage statements, within five (5) days of the entry of the proposed order.

10. The Plaintiffs also seek additional ancillary emergency relief as set forth and explained in its accompanying legal memorandum.

11. The Plaintiffs have provided the court with significant evidence of Defendant MARS's breach of contract with LSF under the MARS Notes, MARS's misappropriation of assets over which the Vrde Lenders have a secured interest, and of the need for immediate equitable relief. Plaintiffs' submissions include Exhibit A - *Declaration of Michael E. Griffin (incl. exhibits A through S)* in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order, Asset Freeze, and Other Ancillary Relief, which is attached hereto.

12. A proposed Temporary Restraining Order is attached, as Exhibit 1, to *Plaintiffs' Brief in Support of Emergency Motion for Temporary Restraining Order, Preliminary Injunction, Asset Freeze, and Other Ancillary Relief Against Defendant MARS Financing, LLC* ("TRO Brief"); and a proposed Asset Freeze Order is attached as Exhibit 2 to the TRO Brief.

13. Plaintiffs have provided telephonic and email notice to counsel for MARS, who is Jeffrey J. Zuber, Zuber Lawler LLP, 2029 Century Park E, Suite 400, Los Angeles, CA 90067.

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion; grant the relief requested in the proposed orders attached to brief in support of this motion; and grant such other and further relief as this Court deems just and proper.

Dated: October 2, 2025	Respectfully submitted,

By: **/s/ Amy Stahl Cotter**
Bruce Lewitas, Illinois Bar ID No. 6208422
(blewitas@securitieslaw.com)
Amy Stahl Cotter, Illinois Bar ID No. 6238157
(acotter@securitieslaw.com)

LEWITAS HYMAN, PC
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
(312) 291-4607
*Attorneys for Plaintiffs*

Attached:

Exhibit A - Declaration of Michael E. Griffin (incl. exhibits A through S) in support of Plaintiffs' Emergency Motion for a Temporary Restraining Order, Asset Freeze, and Other Ancillary Relief

**Certificate of Service**

I hereby certify that on October 2, 2025, I electronically filed the foregoing document(s) and all attachments thereto with the clerk of court for the United States District Court for the Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. I also caused the following parties listed below to be served by email.

Counsel for Defendant
<u>MARS Financing, LLC</u>
Jeffrey J. Zuber, Esq.
Zuber Lawler LLP
2029 Century Park E, Suite 400
Los Angeles, CA 90067
(213) 596-5631
jzuber@zuberlawler.com

<u>Defendant Carol Cooper</u>
ccooper@marsfinancing.com

<u>Defendant Ikenna (Ken) Aseme</u>
kaseme@marsfinancing.com

<u>Defendant Frank Turner</u>
fturner@marsfinancing.com

    Respectfully Submitted,

    *s/Amy S. Cotter*
    Bruce Lewitas
    Illinois Bar ID No. 6208422
    Amy Stahl Cotter
    Illinois Bar ID No. 6238157

    LEWITAS HYMAN PC
    Cook County Attorney No. 64577
    77 West Wacker Drive, Suite 4500
    Chicago, Illinois 60601
    (312) 291-4604
    (312) 291-4607
    blewitas@securitieslaw.com
    acotter@securitieslaw.com